UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYMOND RIVERA,

                    Plaintiff,

        -against-

MS. THOMPKINS, CORRECTIONAL
OFFICER,

                    Defendant.

---

23-CV-2503 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this

*pro se* Action under 42 U.S.C. § 1983, alleging that Ms. Thompkins ("Defendant") violated his

constitutional rights.  (Compl. (Dkt. No. 1).)  By Order dated April 26, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## I.  Discussion

### A.  Service on Named Defendant

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served the summons and the Complaint until the Court reviewed the
Complaint and ordered that the summons be issued.  The Court therefore extends the time to
serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Thompkins through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

B.  New York Legal Assistance Group Clinic

Plaintiff may consult the legal clinic in this district that assists people who are parties in civil cases and do not have lawyers.  The New York Legal Assistance Group (NYLAG) operates the clinic; it is not part of the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the clinic will coordinate contact with the litigant.  It may take up to two weeks after the paperwork is received for the clinic to contact the litigant.  Copies of the clinic's flyer, retainer, and intake form are attached to this Order.

C  Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In the responses, Defendant must quote each request verbatim.[3]

## II.  Conclusion

The Clerk of Court is directed to mail Plaintiff an information package and the NYLAG Pro Se Clinic's flyer, retainer, and intake form.  The Clerk of Court is further instructed to issue a summons for Defendant, complete the USM-285 forms with the address for the Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this Action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 28, 2023
         White Plains, New York

                                                KENNETH M. KARAS
                                                United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

3

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Correctional Officer Thompkins
        Green Haven Correctional Facility
        594 Rte. 216
        Stormville, New York 12582